DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                                                                  Chapter 11

JW REALTY HOLDINGS LLC,                                               Case No. 25-35180

                                      Debtor.
------------------------------------------------------x

## DECLARATION OF YITZCHOK WEINER
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

YITZCHOK WEINER, under penalties of perjury, hereby declares and states as follows:

1. I am the sole and managing member of JW Realty Holdings LLC, the above captioned debtor (the "Debtor"), and I submit this Declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

## PART I
## BACKGROUND

2. Formed in 2012, the Debtor is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 18 Prag Boulevard, Monroe, New York 10950.

3. The Debtor owns a valuable vacant parcel of land located at and known as 253 County Rt 105, Woodbury New York, block 1, lots 26.13 and 26.14 (the "Property"). I have been the sole and managing member of the Debtor since its inception.

4. The Property consists of 2 residential zoned building lots in a very bustling residential community in close proximity to houses of worship.

5. Since I acquired the Property in 2013 for $225,000, a veritable community has sprouted up around the Property, significantly increasing its value.

6. In the recent past, I was informally offered $1,500,00 from a local broker.

7. I have recently obtained a broker's opinion of value indicating an approximate fair market value of the Property at $1,350,000.

8. The genesis of the Debtor's financial difficulties coincided with a dispute (the "Golden Leaves Dispute") that arose with a lender, Golden Leaves Management NY LLC ("Golden Leaves").

A. **The Golden Leaves Dispute**

9. On or about June 25, 2015, the Debtor executed and delivered a note in which it promised to repay to Golden Leaves the sum of $200,000 plus interest (the "Note"). On or about June 25, 2015, as security for the repayment of the sum represented by the Note, the Debtor executed and delivered to Golden Leaves a mortgage on the Property in the principal amount of $200,000 (the "Mortgage"). I executed a Guaranty of Payment, dated June 25, 2015, guaranteeing payment of the debt evidenced by the Note.

10. The Note was, by its terms, interest only, with all principal amounts due on the maturity date of December 25, 2016. While the Debtor did not pay the balance on December 25, 2016, Golden Leaves did not send a notice of default until on or about November 7, 2022.

11. Thereafter, on December 15, 2022, Golden Leaves commenced a foreclosure action against the Debtor in New York State Supreme Court, Orange County (the "State Court") under Index No. EF007195-2022 (the "Foreclosure Action"). The Debtor answered the Foreclosure

Action on March 15, 2023, by asserting, among other things, that Golden Leaves: (i) violated the Truth-in-Lending Act (the "Act") and Federal Reserve Board Regulation Z by failing to provide Debtor with proper disclosure under the Act, failing to properly disclose finance charges, and improperly calculated the interest rate and amount financed, (ii) committed fraud in inducing the Note, (iii) misrepresented the Note and Mortgage to the Debtor, (iv) violated the Deceptive Practices Act by extending credit to the Debtor with knowledge that Debtor would be unable to repay the loan, and (v) violated New York usury laws [State Court Docket No. 7]. The Debtor has also alleged that it never received the funds to be forwarded under the Note.

12. By Order dated August 23, 2023, the State Court granted Golden Leaves' Motion for Summary Judgment and an Order of Reference [State Court Docket No. 28] (the "Order"). On September 20, 2023, the Debtor filed a notice of appeal of the Order [State Court Docket No. 32], and on September 24, 2023, the Debtor filed a motion for leave to renew and reargue the Order [State Court Docket No. 34]. Such motion was denied by Decision and Order dated January 11, 2024 [State Court Docket Nos. 75 & 76]. The Debtor also filed an Order to Show Cause at the Appellate Division, Second Department, under Docket No. 2023-11518, seeking to stay enforcement of the Foreclosure Court's Order pending a determination of the appeal. The Order to Show Cause was denied by Decision and Order dated May 31, 2024.

13. The State Court issued a Judgment of Foreclosure and Sale, dated May 14, 2024 ("Judgment") in the amount of $280,000 plus interest, costs, and fees. Thereafter, Golden Leaves scheduled a foreclosure sale (the "Foreclosure Sale") of the Property for July 18, 2024.

14. Notwithstanding the Golden Leaves Dispute, I believe the Property to be worth in excess of $1 million and that the Debtor therefore has significant equity in the Property.

### B. Prior Bankruptcy Case

15. The Debtor initiated a Chapter 11 case on July 14, 2024 (the "Prior Bankruptcy Case") by filing a voluntary Chapter 11 petition with the Bankruptcy Court. The Prior Bankruptcy Case was assigned Case Number 24-35685 (KYP) and initially assigned to Judge Cecelia G. Morris, but subsequently reassigned to Judge Kyu Young Paek on August 3, 2024 [Prior Bankruptcy Case ECF Docket No. 6].

16. On September 9, 2024, Golden Leaves moved to lift the automatic stay to proceed with the Foreclosure Sale of the Property [Prior Bankruptcy Case ECF Docket No. 15]. Among other things, Golden Leaves asserted that the Prior Bankruptcy Case was filed both to relitigate the Foreclosure Action and in bad faith.

17. In its answer (the "Answer"), the Debtor asserted, among other things, that Golden Leaves never funded the loan underlying the Note [Prior Bankruptcy Case ECF Docket No. 20]. The Answer was supported by the Affirmation of Yitzchok Weiner [Prior Bankruptcy Case ECF Docket No. 21]. Notwithstanding this fact, the Bankruptcy Court issued an order lifting the automatic stay [Prior Bankruptcy Case ECF Docket No. 24] on November 21, 2024, and permitting the Foreclosure Sale to proceed.

18. Subsequently, on December 19, 2024, the United States Trustee filed its *Motion to Dismiss or Convert Case Under 11 U.S.C. § 1112(b)* [Prior Bankruptcy Case ECF Docket No. 25] (the "Trustee's Motion to Dismiss"), alleging, among other things, that the Debtor had failed to: (i) file required monthly operating reports, and (ii) a Chapter 11 plan within the first (90) days of the bankruptcy case.

19. The Bankruptcy Court granted Trustee's Motion to Dismiss and dismissed the Prior Bankruptcy Case on January 14, 2025 [Prior Bankruptcy Case ECF Docket No. 28].

20. Unfortunately, I believe the Debtor was inadequately represented in the Prior Bankruptcy Case. I have now retained experienced bankruptcy counsel to properly prosecute a Chapter 11 case and seek confirmation of a plan of reorganization.

**C.  The Chapter 11 Case**

21. As managing member, I authorized the Debtor to file for Chapter 11 bankruptcy protection (this "Chapter 11 Case") in the Southern District of New York on February 20, 2025 (the "Petition Date").

22. The Debtor intends to utilize the Chapter 11 Case to continue its appeal of Golden Leaves' Judgement and simultaneously to market and sell the Property or to refinance the Note to satisfy all allowed claims.

23. The Debtor believes Golden Leaves is adequately protected due to the size of its "equity cushion" pending final adjudication of its claims in State Court.

24. If the automatic stay is not continued, the unsecured creditors will be harmed.

25. If a plan can be confirmed expeditiously in bankruptcy, the creditors and equity will likely have the best chance of a recovery through a Chapter 11 plan of reorganization.

26. The Debtor will also promptly review and adjudicate any other claims or interests asserted by any other parties.

27. The Debtor therefore submits that the filing of the Chapter 11 Case was necessary to preserve the value of the estate and maximize a return to all of its creditors.

28. The needs and interests of the Debtor's creditors will best be served by the continued possession of the Property and management of its affairs as debtor-in-possession under Chapter 11 until a restructuring plan can be formulated and presented to creditors.

## PART II
## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

29. In addition to the foregoing, S.D.N.Y. Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor. Local Rule 1007-2(a)(1)

30. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtor's management operates at 18 Prag Boulevard, Monroe, New York 10950. Local Rule 1007-2(a)(2)

31. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 Case. Local Rule 1007-2(a)(3)

32. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code is annexed hereto as Schedule I. Local Rule 1007-2(a)(4)

33. A schedule of the Debtor's 5 largest secured creditors is annexed hereto as Schedule II. Local Rule 1007-2(a)(5)

34. A summary of the Debtor's consolidated assets and liabilities is annexed hereto as Schedule III. Local Rule 1007-2(a)(6)

35. There are no publicly held securities of the Debtor. Local Rule 1007-2(a)(7)

36. None of the Debtor's assets are in possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor, or agent. Local Rule 1007-2(a)(8)

37. The Debtor owns the Property. Local Rule 1007-2(a)(9)

38. The Debtor's books and records are located at the Debtor's manager's office at 18 Prag Boulevard, Monroe, New York 10950, and the Property is the Debtor's sole asset. Local Rule 1007-2(a)(10).

39. All suits or proceedings in which the Debtor is named as a party are listed in the Debtor's Statement of Financial Affairs as filed. Local Rule 1007-2(a)(11)

40. The Debtor is currently managed by me, Yitzchok Weiner, as its managing member. Local Rule 1007-2(a)(12)

41. The Debtor currently has no employees, and as such, the Debtor's estimated gross weekly payroll for the thirty (30) day period following the Chapter 11 petition is $0. Local Rule 1007-2(b)(1)

42. The Debtor's estimated gross weekly payroll and payments to officers, managers, members, and directors for the thirty (30) day period following the Chapter 11 petition is $0. Local Rule 1007-2(b)(2)

43. A schedule, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, is annexed as <u>Schedule IV</u>. Local Rule 1007-2(b)(3)

## IV.
## CONCLUSION

44. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: February 20, 2025

/s/
Yitzchok Weiner, Managing Member

SCHEDULE 1

See attached

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | JW Realty Holdings LLC |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                             12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Joseph Mendlowitz<br>29 S. 10th Street<br>Brooklyn, NY 11233 | | Loan | | | | $500,000.00 |
| Mark Nussbaum<br>225 Broadway<br>New York, NY 10007 | | Loan | | | | $350,000.00 |
| Orange County<br>County Government Center<br>255 Main Street<br>Goshen, NY 10924-1698 | | | Unliquidated | $5,000.00 | $0.00 | $5,000.00 |

SCHEDULE II

See attached

Fill in this information to identify the case:

Debtor name    **JW Realty Holdings LLC**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals    12/15

### Part 1: Summary of Assets

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from Schedule A/B..................................................................................    $   1,350,000.00

   1b. **Total personal property:**
   Copy line 91A from Schedule A/B..............................................................................    $   0.00

   1c. **Total of all property:**
   Copy line 92 from Schedule A/B..................................................................................    $   1,350,000.00

### Part 2: Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D..............    $   305,000.00

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of Schedule E/F..............................................    $   0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F.............................   +$   850,000.00

4. **Total liabilities** ....................................................................................................    $   1,155,000.00
   Lines 2 + 3a + 3b

Official Form 206Sum    Summary of Assets and Liabilities for Non-Individuals    page 1
Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

## SCHEDULE III

See attached

**Fill in this information to identify the case:**

Debtor name: **JW Realty Holdings LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1. Do any creditors have claims secured by debtor's property?
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ■ Yes. Fill in all of the information below.

**Part 1: List Creditors Who Have Secured Claims**

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|---|
| 2.1 | **Golden Leaves Management LLC**<br>Creditor's Name<br>c/o Berg & David PLLC<br>372 Doughty Blvd.<br>Inwood, NY 11096<br>Creditor's mailing address | Describe debtor's property that is subject to a lien<br>**253 County Rte 105**<br>**Highland Mills, NY**<br><br>Describe the lien<br>**Mortgage**<br>Is the creditor an insider or related party?<br>■ No  ☐ Yes<br>Is anyone else liable on this claim?<br>■ No  ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)<br><br>As of the petition filing date, the claim is:<br>Check all that apply<br>☐ Contingent<br>■ Unliquidated<br>■ Disputed | $300,000.00 | $1,100,000.00 |

Creditor's email address, if known: _____
Date debt was incurred: _____
Last 4 digits of account number: _____

Do multiple creditors have an interest in the same property?
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

| | | | | |
|---|---|---|---|---|
| 2.2 | **Orange County**<br>Creditor's Name<br>**County Government Center**<br>**255 Main Street**<br>**Goshen, NY 10924-1698**<br>Creditor's mailing address | Describe debtor's property that is subject to a lien<br><br>Describe the lien<br>**RE Tax Lien**<br>Is the creditor an insider or related party?<br>■ No  ☐ Yes<br>Is anyone else liable on this claim?<br>■ No  ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H) | $5,000.00 | $0.00 |

Creditor's email address, if known: _____
Date debt was incurred: _____
Last 4 digits of account number: _____

Do multiple creditors have an interest in the same property?

As of the petition filing date, the claim is:
Check all that apply

Official Form 206D    Schedule D: Creditors Who Have Claims Secured by Property    page 1 of 2

Debtor  **JW Realty Holdings LLC**  _____ Case number (if known) _____
      Name

- ■ No
- ☐ Yes. Specify each creditor, including this creditor and its relative priority.

- ☐ Contingent
- ■ Unliquidated
- ☐ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.  $305,000.00

### Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
|  |  |  |

SCHEDULE IV

See attached

11

SCHEDULE IV

See attached

# JW REALTY HOLDINGS LLC

## SCHEDULE OF 30 DAY INCOME AND EXPENSES

INCOME: $0

EXPENSES:

RE Taxes (Pro Rated) - $725

Insurance (Paid in full through 12/18/25) – 0